1  NICHOLAS J. FERRARO (State Bar No. 306528)
   LAUREN N. VEGA (State Bar No. 306525)
2  FERRARO VEGA EMPLOYMENT LAWYERS, INC.
   2305 Historic Decatur Road, Suite 100
3  San Diego, California 92106
   (619) 693-7727 main / (619) 350-6855 facsimile
4  nick@ferrarovega.com / lauren@ferrarovega.com

5  Attorneys for Plaintiff Sarah Blount

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/04/2021** at 08:00:00 AM
Clerk of the Superior Court
By Melinda McClure,Deputy Clerk

6

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9      **FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

| | |
|---|---|
| 11  SARAH BLOUNT, as an individual and on behalf of all others similarly situated, | Case No. 37-2020-00041775-CU-OE-CTL |
| 12        Plaintiff, | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** |
| 13 | |
| 14    vs. | |
| 15  HOST HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | 1.  Failure to Pay All Regular and Minimum Wages |
| 16 | 2.  Failure to Pay All Overtime Wages |
| 17        Defendants. | 3.  Meal Period Violations |
| 18 | 4.  Rest Period Violations |
| 19 | 5.  Untimely Payment of Wages |
| 20 | 6.  Wage Statement Violations |
| 21 | 7.  Waiting Time Penalties |
| 22 | 8.  Failure to Reimburse Business Expenses |
| 23 | 9.  Violations of the Unfair Competition Law |
| 24 | 10- Claims for Civil Penalties under the Labor |
| 25 | 18.  Code Private Attorneys General Act of 2004 |
| | Judge: Hon. Richard E. L. Strauss |
| | Dept.: C-75 |
| | Action Filed: November 16, 2020 |

26

27

28

_____

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff SARAH BLOUNT ("Plaintiff"), as an individual and on behalf of a class of all other similarly situated current and former employees and the State of California, brings this class and representative action against Defendants HOST HEALTHCARE, INC.; and DOES 1 through 50 (hereinafter collectively referred to as "Defendants" or "Host Healthcare"), alleging as follows:[1]

# INTRODUCTION

1.      This is a class and representative action brought under the California Labor Code and Unfair Competition Law.

2.      This complaint challenges systemic unlawful employment policies and practices that resulted in violations of the California Labor Code against individuals who worked for Defendants.

3.      Plaintiff alleges overtime underpayments based on Host Healthcare's payroll practice of not including all forms of remuneration (e.g., bonuses and commissions) in the regular rate of pay for purposes of calculating and paying overtime earnings.

4.      Plaintiff further alleges that she and other Class Members worked through meal and rest periods, were not paid for all hours worked through meal periods, and were not consistently paid meal and rest period premiums when due on account of late, short, missed, or otherwise interrupted/non-compliant meal and rest periods.

5.      Plaintiff seeks to recover waiting time penalties on behalf of all other employees whose employment with Host Healthcare terminated during the statutory period.

6.      Moreover, Plaintiff alleges Host Healthcare did not reimburse Plaintiff and other Class Members for all work-related expenses and issued inaccurate wage statements.

7.      Plaintiff has filed a notice with the California Labor and Workforce Development Agency as a prerequisite for pleading causes of action for civil penalties under the Labor Code Private Attorneys General Act of 2004, and will amend this complaint in due time to include those causes of action seeking civil penalties.

///

---

[1]      Plaintiff amends the original complaint without leave of court pursuant to Labor Code § 2699.3(a)(2)(C), which states "[n]otwithstanding any other provision of law [including C.C.P. § 472], a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part [Labor Code § 2698 et seq.] at any time within 60 days of the time periods specified in this part [i.e., after the 65-day notice period has expired]."

- 1 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## JURISDICTION & VENUE

8.     Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution.

9.     Venue as to each defendant is proper in this judicial district under Code of Civil Procedure sections 395 and 395.5 because Defendants conduct substantial business in this county, maintain their principal place of business in this county, employed Plaintiff in this county, and committed some of the alleged violations in this county.

## PARTIES

10.     Plaintiff SARAH BLOUNT worked for Host Healthcare in San Diego County until September 2020 as an hourly, non-exempt employee.

11.     Plaintiff is informed, believes and alleges that Defendant HOST HEALTHCARE, INC. is a Delaware corporation that does business throughout California, including San Diego, California, and maintains its principal place of business at 4225 Executive Square, Suite 1500 in La Jolla, California 92037.

12.     The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action with respect to Plaintiff's claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA," California Labor Code § 2698, *et seq.*).

13.     The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown to Plaintiff, who sues them by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed, believes and alleges that each of the fictious defendants is responsible in some manner for the acts and omissions alleged herein.  Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities when they become known.

14.     Plaintiff is informed, believes and alleges that all defendants in this action are employers and/or joint employers and part of an integrated employer enterprise, as each defendant exercises control over the wages, hours, and working conditions of Plaintiff and the aggrieved employees, suffers and permits them to work, and engages the workforce creating a common law

- 2 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  employment relationship.   Additionally, all defendants have common ownership, common

2  management, interrelationship of operations, and centralized control over labor relations and are

3  therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and

4  omissions alleged herein.

5      15.   Plaintiff is informed, believes and alleges that each defendant acted in all respects

6  pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator,

7  partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants,

8  such that the acts and omissions of each defendant are legally attributable to all others.

9      16.   Plaintiff is informed, believes and alleges that the above-mentioned defendants

10  violated and caused to be violated Labor Code and IWC Wage Order provisions regulating

11  minimum wages and days of work and Labor Code sections 203, 226, 226.7, 1193.6, 1194 and/or

12  2802 and may thus be held liable as an employer or person acting on behalf of the employer for

13  such violations, as provided in Labor Code sections 558, 558.1 and 1197.1

14  <u>**GENERAL ALLEGATIONS**</u>

15      17.   Plaintiff, like other Class Members, was a non-exempt employee of Host Healthcare

16  during the Class Period.  She, like some of the Class Members, earned bonuses and commissions

17  during her employment.

18      18.   Plaintiff is informed, believes, and alleges, that Host Healthcare maintained a

19  common policy and practice of payment and payroll administration whereby Host Healthcare paid

20  overtime wages to Plaintiff and Class Members based on a multiple of their straight time base

21  hourly rate, rather than "at the rate of no less than one and one-half times the <u>regular rate of pay</u> for

22  [each] employee," resulting in an underpayment of overtime wages to Plaintiff and the Class.

23  (Labor Code § 510 (emphasis added).)

24      19.   Specifically, Plaintiff and other Class Members earned remuneration in addition to

25  their base hourly earnings—such as bonuses and commissions based on objective sales metrics—

26  yet in those pay periods when they earned additional forms of remuneration, the wage statements

27  reflect that Plaintiff and other Class Members were paid overtime at a 1.5x multiple of their

28  ///

- 3 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

respective base hourly rate, rather than based upon a 1.5x (or double time) multiple of their "regular rate of pay" in violation of Labor Code section 510.

20.     Plaintiff's wage statement with the pay date of Sept. 11, 2020 provides an illustrative example of this unlawful payroll practice.  In that pay period, Plaintiff earned 80.00 hours of "Regular" earnings at the hourly rate of $21.6300 and total "Commission" earnings of $1,920.91. Host Healthcare was required by law to calculate Plaintiff's regular rate of pay by including the Commission earnings with the base Regular earnings, however Host Healthcare paid Plaintiff the rate of $32.4450 for "Overtime" and $43.2602 for "Double Time" which reflect 1.5x and 2.0x multiples of the Regular base hourly rate ($21.63), rather than a 1.5x or 2.0x multiple of the "regular rate of pay."  Plaintiff is informed, believes, and alleges that this regular rate of pay violation occurs in every pay period worked by a non-exempt Host Healthcare employee (current or former) where the individual earned forms of remuneration in addition to hourly earnings that, by law, must be factored into the regular rate of pay for purposes of overtime.  As a result, Plaintiff and Class Members were underpaid overtime wages in those pay periods and are entitled to recover all associated wages, penalties, and interest associated with this practice.  Host Healthcare miscalculated overtime and double-time earnings in pay periods in which putative class members earned additional forms of remuneration, such as bonuses or commissions, resulting in an underpayment of wages.

21.     Separate and in addition to the regular rate of pay violations and underpayments, Plaintiff alleges that Host Healthcare also maintained a policy and practice of restricting overtime to 10 recorded hours per week/pay period, which resulted in off-the-clock unpaid hours for Class Members, as the recorded hours did not match the actual hours worked by Class Members.  Plaintiff alleges that this policy applied to the employees who were entitled to earn commissions and bonuses, including but not limited to Recruiters, Account Coordinators, Account Managers, Quality Assurance Specialists.  This cap created an overtime limit that was not congruent with the number of hours worked by Class Members, such that hours in excess of the cap were often worked but not paid.  Class Members were incentivized and expected to produce via commissions and bonuses, and the overtime cap limited the number of compensable overtime hours contrary to California law

- 4 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  requiring payment for all hours worked.  As a result, Plaintiff and Class Members were underpaid

2  overtime wages due to the overtime cap and are entitled to recover all associated wages, penalties,

3  and interest associated with this practice.

4    22. Plaintiff alleges that Class Members worked during meal periods without

5  compensation due to work demands, the scheduling of required meetings (whether in person or later

6  on Zoom) that occurred during the lunch hour, and Defendants' policy and practice of requiring

7  Plaintiff and Class Members to record a meal period despite not receiving a meal period (or hourly

8  pay) due to work demands.  Meal periods were thus missed, late, short, interrupted or otherwise

9  non-complaint as a matter of company practice.  For these non-complaint meal periods, Plaintiff

10  and Class Members were not paid a meal period premium, nor were they compensated for the time

11  worked at the lawful minimum wage, resulting in an unpaid premium in violation of the IWC Wage

12  Orders and Labor Code sections 226.7 and 512 and unpaid off-the-clock hours in violation of Labor

13  Code sections 1182.12, 1194, 1194.2, and related provisions.  Furthermore, Plaintiff alleges that she

14  and other Class Members were not paid a meal period premium for each late, short, or missed meal

15  period during the relevant statutory period as a result of Host Healthcare's policies, practices and

16  payroll administration.

17    23. On account of work demands and business practices, Plaintiff and Class Members

18  were not authorized or permitted to take all required rest periods, in violation of California law.  For

19  these non-compliant rest periods, Host Healthcare did not pay a rest period premium and, on

20  information and belief, Plaintiff alleges that Host Healthcare as a matter of common policy and

21  practice did not pay all required rest period premiums required by law during the statutory period.

22  Whereas Host Healthcare appears to have paid some *meal period premiums* under certain instances

23  to Plaintiff and Class Members, Plaintiff alleges that Host Healthcare did not pay rest period

24  premiums as a matter of common practice in violation of Labor Code sections 226.7 and 516.

25    24. The Host Healthcare employee handbook is silent as to the entitlement of its

26  workforce to receive meal and rest period premiums when missed, late, short or interrupted.

27  Plaintiff alleges that Host Healthcare did not have sufficient standards, forms, or similar

28  mechanisms to ensure that premiums were paid to employees when owed.

- 5 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1       25.    Because of Host Healthcare's policies and practices which resulted in the

2   underpayment of wages and premiums to Plaintiff and Class Members, Defendants did not timely

3   pay all wages owed to Plaintiff and Class Members each pay period on regularly scheduled pay

4   days, and further did not pay all amounts due upon separation of employment in violation of Labor

5   Code sections 201 through 204, including 203's waiting time penalty.

6       26.    Plaintiff and Class Members were required to use their personal cell phones for

7   work-related purposes, including to communicate via phone and email with clients and teammates

8   (email app usage, phone usage, Vonage app usage), but were not reimbursed a reasonable

9   percentage of their cell phone bill in violation of Labor Code section 2802. (*See e.g.*, *Cochran v.*

10  *Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137.) Although Defendants paid a

11  telework reimbursement to some of the Class Members at some point post-COVID, the nominal

12  amount insufficiently covered the actual and reasonable costs incurred by Class Members for work

13  related expenses, such as data, communications and telephone.

14      27.    Host Healthcare also issued inaccurate and incomplete itemized wage statements to

15  Plaintiff and Class Members in violation of Labor Code section 226(a). Specifically, Host

16  Healthcare issued wage statements that did not accurately reflect the wages and hours worked and

17  earned by or owed to Plaintiff and Class Members, as Defendants failed to pay overtime

18  compensation at the correct regular rate of pay, failed to pay for off-the-clock overtime and regular

19  hours, and failed to pay all required meal and rest period premiums, resulting in an inaccurate

20  statement of net and gross wages earned and owed, total hours worked, the lawful rates in effect

21  each pay period with the corresponding number of hours.

22      28.    Host Healthcare listed the incorrect overtime and double time hourly rate on wage

23  statements in pay periods in which putative class members earned bonuses or commissions. Host

24  Healthcare listed the incorrect amount of commissions and bonuses earned and paid on wage

25  statements.

26      29.    Plaintiff alleges that this caused confusion, concealment of underpayment of wages,

27  difficulty examining the pay records, and other injuries.

28  ///

- 6 -

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

///

30.     Moreover, to the extent meal and rest periods were paid to Plaintiff and other Class Members, they were not paid at the regular rate of compensation and therefore the inaccurate hourly rate is stated on wage statements.

31.     Lastly, Plaintiff alleges that as a matter of practice, Defendants did not issue final wage statements to Class Members who separate from employment during the statutory period.

32.     Plaintiff is informed, believes and alleges that Defendants have engaged in willful violations of the Labor Code and IWC Wage Orders by creating and maintain policies, practices and customs that knowingly deny Plaintiff and Class Members their legal rights and benefits.

## CLASS ACTION ALLEGATIONS

33.     ***Class Definition.***   The named individual Plaintiff seeks class certification under California Code of Civil Procedure section 382.  Plaintiff proposes the following class:

a.     All individuals who worked for Host Healthcare as a non-exempt or hourly employee in California at any time during the period four (4) years before the filing of this Complaint and continuing to the time of trial (the "Class" or "Class Members" and the "Class Period").

34.     Further, Plaintiff proposes the following subclasses:

a.     All Class Members who separated from employment with Host Healthcare at any time during the period three (3) years before the filing of this Complaint and continuing through the present (the "Waiting Time Subclass").

b.     All Class Members who received a wage statement Host Healthcare at any time during the period one (1) year before the filing of this Complaint and continuing through the present (the "Wage Statement Subclass").

c.     All Class Members who were not paid a monetary amount by Host Healthcare as a cell phone reimbursement (the "Reimbursement Subclass").

35.     Plaintiff reserves the right to move the Court to amend and modify the class definitions and to establish additional classes and subclasses as the litigation progresses.

///

- 7 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

36.    *Numerosity*.   The members of the Class are so numerous that joinder of all individuals is impracticable.  The identity of the Class Members is readily ascertainable by review of Defendants' employment and payroll records.  Plaintiff is informed, believes and alleges there are more than 50 Class Members.

37.    *Adequacy of Representation*.  Plaintiff is an adequate class representative, who will take all necessary steps to adequately and fairly represent and protect the interest of the Class. Plaintiff is represented by attorneys who have substantial experience prosecuting and resolving wage-and-hour class actions in the past and currently have numerous wage-and-hour class actions pending in California state and federal courts.

38.    *Manageability*.   This class action is manageable because all of the liability and damages to Class Members can be ascertained by forensic review of corporate and employer timekeeping and payroll records along with other evidence that Defendants maintained and is required by law to maintain, along with Class Member testimony.

39.    *Superiority*.  A class action is superior to other means for adjudication of the claims of the Class and is beneficial and efficient for the parties and the Court.  Class treatment will allow for the common issues to be resolved in a single forum, simultaneously and without duplication of effort and expense.

40.    *Commonality*.  Common questions of law and fact and a community of interest exists amongst Plaintiff and the Class.   These common issues arise from the employment relationship with Defendants and predominate over any individual issues.

41.    *Typicality.*  Plaintiff's claims are typical of the claims of the other Class Members. Plaintiff and Class Members were subject to the same policies and practices of Defendants, which resulted in losses to Plaintiff and Class Members.

42.    Proof of common unlawful business practices, which Plaintiff experienced and is representative of, will establish the right of the Class to recover on the causes of action alleged herein.

///

///

- 8 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## PAGA ALLEGATIONS

43.     "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."  (Labor Code § 2699(a)).

44.     Plaintiff seeks to recover civil penalties as an individual aggrieved employee and on behalf of the State of California and all other current and former non-exempt employees of Defendants who work or worked within the State of California within the one-year period prior to the date on which Plaintiff first provided written notice to the Labor and Workforce Development Agency and Defendants under Labor Code § 2699.3 and continuing through the present (the "aggrieved employees" and the "PAGA Period").

45.     Plaintiff is an "aggrieved employee" because Plaintiff was employed by Defendants and suffered one or more of the Labor Code violations committed by Defendants and alleged in this Complaint.

46.     On October 22, 2020, Plaintiff gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff paid the requisite filing fee to the LWDA.  A true and correct copy of the notice, incorporated by reference as though fully set forth herein, is attached hereto as **Exhibit A**.

47.     Within 33 calendar days of the postmark date of the notice sent by Plaintiff, Defendants did not give written notice by certified mail to Plaintiff providing a description of any actions taken to cure the alleged violations.

48.     Now that at least 65 days have passed from Plaintiff notifying Defendants of these violations, without any notice of cure from them or notice from the LWDA of its intent to investigate the alleged allegations and issue the appropriate citations to Defendant, Plaintiff exhausted all prerequisites and commences this civil action under Labor Code § 2699.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL REGULAR AND MINIMUM WAGES

### Labor Code §§ 1194 and 1194.2

### (ALL CLAIMS ALLEGED AGAINST ALL DEFENDANTS)

49.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

50.     Defendants willfully failed in their affirmative obligation to pay Plaintiff and Class Members at least the lawful minimum wage for all hours worked in violation of Labor Code sections 1182.12, 1197 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders).

51.     As alleged above, Plaintiff and Class Members worked during uncompensated meal periods and were not paid and Plaintiff and Class Members were capped in terms of the number of overtime hours that Host Healthcare would compensate, therefore hours in excess of the cap were unpaid at the lawful minimum wage.

52.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of minimum, regular and overtime wages in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

# SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### Labor Code §§ 510 and 1194

53.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

54.     Defendants failed in their affirmative obligation to pay Plaintiff and Class Members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh ///

- 10 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

55.     day of a workweek in violation of Labor Code sections 510 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

56.     Defendants failed to pay overtime at the regular rate of pay by failing to calculate it properly through inclusion of commissions, bonuses and other remuneration.  This resulted in an underpayment of overtime wages in each pay period Class Members worked overtime.  Additionally, Plaintiff and Class Members were subject to a cap on the number of overtime hours worked, further resulting in uncompensated hours worked.

57.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of overtime wages in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to the full amount of the unpaid overtime wages, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 1194.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## Labor Code §§ 226.7 and 512

58.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

59.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and Class Members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second on-duty meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7 and 512 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

60.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7 and the IWC Wage Orders.

61.     As alleged above, Plaintiff and Class Members did not receive all meal period premiums for late, short, or interrupted or working meal periods.  Additionally, Plaintiff and Class Members worked through meal periods without a corresponding premium payment.

- 11 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    62.    Defendants' unlawful acts and omissions deprived Plaintiff and the Class of meal

2    periods and meal period premiums in amounts to be determined at trial.  Plaintiff and the Class are

3    entitled to recover to the full amount of the unpaid premiums, in addition to interest, attorneys' fees,

4    and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

5    

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### Labor Code §§ 226.7 and 516

8    63.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

9    64.    Defendants willfully failed in their affirmative obligation to consistently authorize

10   and permit Plaintiff and Class Members to receive compliant, duty-free rest periods of not less than

11   ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code

12   sections 226.7 and 516 and the IWC Wage Orders (the "Rest Periods" sections of the applicable

13   orders).

14   65.    Further, Defendants willfully failed in their affirmative obligation to consistently pay

15   Plaintiff and Class Members one additional hour of pay at the respective regular rate of

16   compensation for each workday that a fully compliant rest period was not provided, in violation of

17   Labor Code sections 226.7 and the IWC Wage Orders.

18   66.    As alleged above, Plaintiff and Class Members did not receive all rest period

19   premiums when due as a result of Defendants' failure to authorize and permit all rest periods.

20   Defendants maintained a policy and practice of not paying rest period premiums.

21   67.    Defendants' unlawful acts and omissions deprived Plaintiff and the Class of rest

22   periods and rest period premiums in amounts to be determined at trial.  Plaintiff and the Class are

23   entitled to recover to the full amount of the unpaid premiums, in addition to interest, attorneys' fees,

24   and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

25   

## FIFTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Labor Code §§ 204, 204b and 210

28   68.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

- 12 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

69.     Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for any weekly employees, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

70.     As a result of the foregoing violations, Defendants did not pay all wages or premiums owed each pay period on the lawful pay day.  As a result, Plaintiff and Class Members were underpaid and Defendants are liable for the statutory penalties.

71.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of timely wages in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code section 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## Labor Code § 226

72.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

73.     Defendants knowingly and intentionally failed in their affirmative obligation provide accurate itemized wage statements to Plaintiff and Class Members in violation of Labor Code section 226(a).

74.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of accurate itemized wage statements and  Plaintiff and the Class are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in

///

- 13 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 through 203

75.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

76.     Defendants willfully failed in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and members of the Waiting Time Subclass immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

77.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of timely wages upon separation of employment in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to the wages of Plaintiff and members of the Waiting Time Subclass as a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### Violation of Labor Code §§ 2802

78.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

79.     Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and Class Members for all necessary expenditures, losses, expenses and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

80.     As alleged above, Defendants failed to reimburse Plaintiff and Class Members for their work-related use of their personal cell phones and other expenses.

81.     Defendants' unlawful acts and omissions deprived Plaintiff and Class Members of lawful reimbursements for business expenses in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to amount of the unreimbursed expenses of Plaintiff and Class

- 14 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## NINTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW
### Business and Professions Code §§ 17200, *et seq.*

82.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

83.     Defendants willfully failed in their affirmative obligation to timely pay each payday or at other required intervals all minimum, regular, and overtime wages, meal and rest period premium wages, and reimbursements to Plaintiff and Class Members.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200, et seq.

84.     Because Plaintiff is a victim of Defendants' unfair and unlawful conduct, as alleged throughout this Complaint, Plaintiff, as an individual and on behalf of the Class seeks restitution of all monies and property withheld, acquired, or converted by Defendants in violation of the Labor Code and IWC Wage Orders under Business and Professions Code section 17202, 17203, 17204 and 17208.

85.     Defendants' unlawful acts and omissions deprived Plaintiff and Class Members of monies and property in amounts to be determined at trial.  Plaintiff and the Class are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and the Class have an ownership interest and to prevent future damage under Business and Professions Code section 17200, et seq. in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

## TENTH CAUSE OF ACTION
### CIVIL PENALTIES FOR FAILURE TO PAY
### ALL REGULAR AND MINIMUM WAGES (PAGA)
### Labor Code §§ 2698, *et seq.*

86.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

///

- 15 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

87. Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3 ."

88. Labor Code section 2699(f) provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

89. Labor Code section 558(a) provides: "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

90. Labor Code section 1197.1(a) provides: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty ... and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid … and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each

- 16 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  underpaid employee for each pay period for which the employee is underpaid regardless of whether
2  the initial violation is intentionally committed."

3      91.    Plaintiff does not seek for any cause of action in this Complaint under PAGA any
4  amounts that are not recoverable pursuant to Labor Code section 2699 et seq. (i.e., underpaid
5  wages).

6      92.    Defendants willfully failed in their affirmative obligation to pay Plaintiff and
7  aggrieved employees at least the lawful minimum wage for all hours worked in violation of Labor
8  Code sections 1182.12, 1197 and 1198 and the IWC Wage Orders (the "Hours and Days of Work"
9  and "Minimum Wages" sections of the applicable orders).

10      93.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are
11  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required
12  by Labor Code sections 558, 1197.1, and 2699(a) and (f)(2), in addition to interest, attorneys' fees,
13  and costs to the extent permitted by law, including under Labor Code section 2699(g).

14  <u>**ELEVENTH CAUSE OF ACTION**</u>
15  **CIVIL PENALTIES FOR FAILURE TO PAY**
16  **ALL OVERTIME WAGES (PAGA)**
17  **Labor Code §§ 2698, *et seq.***

18      94.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

19      95.    Defendants failed in their affirmative obligation to pay Plaintiff and aggrieved
20  employees no less than one and one-half times their respective "regular rate of pay" for all hours
21  worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on
22  the seventh day of work in any one workweek, and no less than twice their respective "regular rate
23  of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh
24  day of a workweek in violation of Labor Code sections 510 and 1198 and the IWC Wage Orders
25  and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

26      96.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are
27  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required
28  ///

- 17 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

<strong><u>TWELFTH CAUSE OF ACTION</u></strong>

<strong>CIVIL PENALTIES FOR MEAL PERIOD VIOLATIONS (PAGA)</strong>

<strong>Labor Code §§ 2698, <em>et seq.</em></strong>

97.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

98.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and aggrieved employees compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second on-duty meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7 and 512 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders)..

99.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and aggrieved employees one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7 and the IWC Wage Orders.

100.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

<strong><u>THIRTEENTH CAUSE OF ACTION</u></strong>

<strong>CIVIL PENALTIES FOR REST PERIOD VIOLATIONS (PAGA)</strong>

<strong>Labor Code §§ 2698, <em>et seq.</em></strong>

101.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

102.    Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and aggrieved employees to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor

///

- 18 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Code sections 226.7 and 516 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

103.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and aggrieved employees one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7 and the IWC Wage Orders.

104.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## FOURTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR UNTIMELY PAYMENT OF WAGES (PAGA)

## Labor Code §§ 2698, *et seq.*

105.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

106.    Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and aggrieved employees twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for any weekly employees, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

107.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## FIFTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR WAGE STATEMENT VIOLATIONS (PAGA)

## Labor Code §§ 2698, *et seq.*

108.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

109.   Labor Code section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

110.   Defendants failed in their affirmative obligation provide accurate itemized wage statements to Plaintiff and aggrieved employees in violation of Labor Code section 226(a).

111.   As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 226.3 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## SIXTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILURE TO TIMELY PAY ALL WAGES UPON SEPARATION OF EMPLOYMENT (PAGA)

## Labor Code §§ 2698, *et seq.*

112.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

113.   Defendants willfully failed in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and aggrieved employees immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

114.   As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

///

///

- 20 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## SEVENTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILURE TO REIMBURSE BUSINESS EXPENSES (PAGA)

### Labor Code §§ 2698, *et seq.*

115.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

116.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and aggrieved employees for all necessary expenditures, losses, expenses and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

117.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code section 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## EIGHTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR RECORDKEEPING VIOLATIONS (PAGA)

### Labor Code §§ 2698, *et seq.*

118.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

119.    Labor Code section 1174 provides: "Every person employing labor in this state shall: …(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years."

120.    Labor Code section 1174.5 provides: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 …, shall be subject to a civil penalty of five hundred dollars ($500)."

///

- 21 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

121.     Defendants willfully failed in their affirmative obligation to maintain accurate records showing the hours worked daily and wages paid to the aggrieved employees, in violation of Labor Code section 1174.

122.     As a result, Defendants violated the Labor Code and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code section 1174.5, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## **PRAYER FOR RELIEF**

Plaintiff, as an individual and on behalf of the Class, prays for judgment as follows:

a.     For certification of this action as a class action;

b.     For appointment of Plaintiff as the representative of the Class;

c.     For appointment of counsel for Plaintiff as Class Counsel;

d.     For injunctive relief;

e.     For compensatory damages in amount according to proof;

f.     For all interest accrued;

g.     For disgorgement of all amounts wrongfully obtained;

h.     For this action to be maintained as a representative action under the PAGA and for Plaintiff and counsel to be provided with all enforcement capability as if the action were brought by the State of California or the California Division of Labor Enforcement;

i.     For recovery of all civil penalties and other recoverable amounts under the PAGA;

j.     For recovery of all statutory penalties and liquidated damages;

k.     For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including under California Labor Code sections 226, 1194, 2802, 2699(g) and Code of Civil Procedure section 1021.5;

l.     For such other relief the Court deems just and proper.

///

///

1   Dated: January 4, 2021                    FERRARO VEGA EMPLOYMENT LAWYERS, INC.

2

3                                             *Nicholas J. Ferraro*
                                             ───────────────────────────────
4                                             NICHOLAS J. FERRARO, ESQ.
                                             LAUREN N. VEGA, ESQ.
5                                             Attorneys for Plaintiff Sarah Blount

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## PAGA Notice

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT



# FERRARO
## EMPLOYMENT LAW

NICHOLAS J. FERRARO
nick@ferraroemploymentlaw.com

October 22, 2020

**NOTICE OF LABOR CODE VIOLATIONS**
**CALIFORNIA LABOR CODE SECTIONS 2698 *et seq.***

**PAGA NOTICE VIA ONLINE FILING**

California Labor and Workforce Development Agency
https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html

**PAGA FILING FEE VIA U.S. MAIL**

Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, Tenth Floor
San Francisco, California 94102

**PAGA NOTICE VIA EMAIL & CERTIFIED U.S. MAIL (RETURN RECEIPT)**

**Host Healthcare, Inc.**
Attn: Jennifer L. Quayle, Esq.
General Counsel & Director of Administration
4225 Executive Square, Suite 1500
La Jolla, California 92037
jquayle@hosthealthcare.com

**Adam Francis**
Chief Executive Officer, Host Healthcare, Inc.
4225 Executive Square, Suite 1500
La Jolla, California 92037
afrancis@hosthealthcare.com

Dear Labor Enforcement Officer and Host Healthcare Representatives

This letter serves as Claimant SARAH BLOUNT'S ("Claimant") written notice under California Labor Code section 2699.3 of prior and ongoing violations of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders committed by Defendant HOST HEALTHCARE, INC. ("Defendant").

If the California Labor and Workforce Development Agency ("LWDA") does not investigate the facts, allegations and violations set forth in this notice within the statutorily-prescribed time period under Labor Code section 2699.3, Claimant intends to seek and recover civil penalties on behalf of Claimant, the State of California, and all other aggrieved employees of Defendant under Labor Code section 2698, *et seq.* for all Labor Code violations committed by Defendant. *See e.g., Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

## FACTUAL STATEMENT

Defendant is a healthcare staffing company based in San Diego, California. Adam Francis is the founder and chief executive officer and is named as and included within the definition of "Defendant" in this notice for purposes of inclusion as a liable defendant-employer representative pursuant to Labor Code sections 558, 558.1, and 1197.1.[1]

Claimant was employed by Defendant as Account Coordinator from about November 2019 to September 2020. Claimant was classified as a non-exempt employee and paid on an hourly basis. In addition to her regular hourly wage, Claimant received other forms of remuneration from Defendant, including commissions and bonuses. The sales and bonuses were based on objective metrics, earned and paid based on a percentage of sales/revenue and other non-discretionary factors.

Through this notice, Claimant informs the LWDA of the Labor Code violations set forth herein, and will represent all current and former non-exempt employees who worked for Defendant in the State of California during one-year period preceding the date of this notice through the current date and the date of final judgment in any pending action (the "aggrieved employees" and the "PAGA Period"). The aggrieved employees include, but are not limited to, the internal employees (Recruiters, Account Coordinators, Account Managers, Quality Assurance Specialists, and virtually all other hourly or non-exempt employees) and, on information and belief, the external employees (the health care workers employed by Defendant in California through its staffing business).

Claimant seeks all recoverable civil penalties for Defendant's violations and reserves the right to supplement this notice as further investigation is completed and further facts, witnesses, and violations are uncovered which will relate back to the core nucleus of allegations set forth herein.

### Violation of Labor Code §§ 510 and 1194 – Overtime Regular Rate of Pay Violations

Defendant failed to pay overtime based on the lawful regular rate of pay, in violation of Labor Code sections 510 and 1194 and the related sections of the applicable IWC Wage Orders. Claimant and the aggrieved employees were not paid at their lawful overtime rate (i.e., time and a half or double time based on their *regular rate of pay*) for all overtime hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or for any hours on any seventh consecutive day of work, to the extent Claimant or other aggrieved worked on a seventh consecutive workday or other such hours as further investigation may reveal.

Labor Code section 510 requires "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee;" and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee;" and "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

Claimant and the aggrieved employees received various forms of remuneration that were not properly included in the regular rate of pay when Defendant paid overtime to Claimant and other aggrieved

---

[1] All acts and omissions attributed to "Defendant" in this notice shall also be attributed to Mr. Francis.

employees who earned commissions or bonuses in any pay period in the PAGA Period. These forms of remuneration that were not properly included in the regular rate of pay include, but are not limited to, bonuses and commissions. For example, the pay codes on Claimant's wage statements show that she was paid "Bonus" and "Commission," yet the overtime rate in those pay periods is a simple 1.5x multiple of her base time hourly rate, exclusive of the commission and bonus earnings. This is a violation of the law. The bonuses and commissions that Claimant and other aggrieved employees earned during the PAGA Period are not forms of remuneration that may be lawfully excluded from the regular rate of pay for purposes of calculating the lawful overtime hourly rate and wages earned and owed. These violations occurred company-wide as a matter of corporate payroll administration and policy. These violations occurred with respect to Claimant and all other aggrieved employees who worked overtime and received additional remuneration, including the abovementioned "Bonus" and "Commission" and individual incentive plan earnings, among others types of pay that may not be excluded from the regular rate for purposes of calculating and paying overtime wages.

Claimant's wage statement with the Pay Date of September 11, 2020 provides an illustrative example of Defendant's unlawful payroll administration and overtime calculations:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 21.6300 | 80.00 | 1,730.40 | 26,942.25 |
| Overtime | 32.4450 | 38.50 | 1,249.13 | 22,152.15 |
| Double Time | 43.2602 | 20.25 | 876.02 | 7,848.93 |
| Commission | | | 1,920.91 | 17,452.86 |
| Bonus | | | | 50.00 |
| Holiday | | | | 873.84 |
| **Gross Pay** | | | **$5,776.46** | 75,635.03 |

As illustrated, on Claimant's September 11, 2020 wage statement, Claimant was paid "Overtime" at a rate of **$32.4450**, which was one and one-half times her straight time hourly base rate of **$21.63** [$21.63 x 1.5 = $32.4450]. Moreover, Claimant was paid "Double Time" at a rate of **$43.2602**, which was time her straight time hourly base rate of $21.63 [$21.63 x 2.0 =$43.26]. However, Claimant also was paid "Commission" earnings of $**1,920.91** and this amount is required to be included in the "regular rate of pay" used to calculate the respective "Overtime" and "Double Time" hourly rates. Defendant failed to include the $1,920.91 (or any amount other than the "Regular" earnings) in the regular rate of pay for Claimant or other aggrieved employees as a matter of common practice, as the overtime rate is a straight time 1.5x or 2.0x multiple of the base hourly rate, facially demonstrating Defendant's failure to pay all overtime at the proper hourly rate (*i.e.*, the regular rate of pay multiple).

Additionally, separate and in addition to the regular rate violations, Defendant maintained a policy and practice of capping overtime at 10 recorded hours per week/pay period, which caused aggrieved employees to work excess hours off-the-clock without compensation. The recorded hours worked did not match the actual hours worked for these off-the-clock, uncompensated hours, due to Defendant' overtime policy.

The above violation serves as an illustrative example and is not exhaustive of all violations applicable to Claimant or other aggrieved employees. Claimant alleges Defendant's policy and practice of failing to properly include and calculate all forms of remuneration in the regular rate when paying overtime, is a common practice that applies to all current and former employees of Defendant during the Pay

Period in pay periods in which Claimant and aggrieved employees earned overtime. As a result, Defendant failed to timely pay the full amount of overtime wages owed to Claimant and other aggrieved employees each pay period or upon separation at the lawful regular rate of pay by limiting the overtime pay to a multiple of hourly earnings exclusive of other forms of non-excludable remuneration.

These violations applied equally to Defendant's internal employees, including account coordinators, account managers, quality assurance specialists, recruiters, sales people and virtually all other non-exempt positions. Additionally, on information and belief, Claimant alleges that Defendant may have also failed to properly calculate and pay overtime based on the regular rate of pay for external employees as well, namely the nurses and other health care workers who worked overtime and received additional forms of remuneration during the PAGA Period. This is based on the factual allegations in this notice that Defendant failed to properly code and adjust their payroll processing system to calculate the correct overtime rate each pay period with respect to the aggrieved employees. Therefore, this violation may also apply to the healthcare workers in the staffing side of the business, to the extent they earned such remuneration. These external and internal Defendant employees, current and former, suffered the same wage underpayment and are aggrieved employees.

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code §§ 558 ($50/$100) and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 226.7, 512, § 11 of the IWC Wage Orders – Meal Period Violations**

Defendant violated Labor Code sections 226.7 and 512 and section 11 of the IWC Wage Orders, with respect to Claimant and other aggrieved employees by failing to consistently provide lawful meal periods, failing to pay meal period premiums in lieu of such compliant periods, and failing to pay meal period premiums based on the "regular rate of compensation" of Claimant and other aggrieved employees.

Defendant failed to consistently provide timely, off-duty 30-minute meal periods to Claimant and other aggrieved employees within the first five hours of work, and timely second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. Claimant's actual meal periods were often late, short, interrupted, or missed due to Defendant's policies and practices which did not provide enough coverage for employees to take meal periods and which effectively required employees to skip, work through, or cut short meal periods on certain occasions. Claimant is informed, believes and alleges that these violations are evident based on the records maintained by Defendant.

Defendant did not schedule or make reasonable efforts to provide meal period time for Claimant and other aggrieved employees, yet required that aggrieved employees record meal periods regardless of whether they were taken. Additionally, Defendant required Claimant and other aggrieved employees to attend mandatory routine meetings on Mondays during the period in time when aggrieved employees should have taken a statutory meal period. Claimant and other aggrieved employees worked through these and other lunches, unpaid, and were not paid always paid a corresponding meal period premium. Claimant apprises the LWDA that meal premiums were paid and monitored but the off-the-clock work during meal periods (due to work demands and scheduled meetings) where meal periods were recorded but not taken was uncompensated and did not result in a premium payment.

When Defendant did not provide fully-compliant meal periods, Defendant failed to consistently pay Claimant and other aggrieved employees a meal period premium in violation of Labor Code section 226.7.   Claimant is informed, believes and alleges that Defendant's policy and practice of not consistently paying meal period premiums is a matter of common corporate policy and payroll administration such that it applies and affected all other aggrieved employees.   For the meal period premiums Defendant paid (in lieu of providing compliant meal periods), Claimant is informed, believes and alleges (based on Defendant's regular rate overtime violations) that Defendant did not pay such premiums at each employee's respective "regular rate of compensation."

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Violation of the Labor Code– Failure to Pay for All Hours Worked (incl. Minimum Wage)

Defendants failed to pay Claimant and other aggrieved employees for all hours worked at the lawful minimum, regular and overtime rates in accordance with Labor Code sections 204, 210, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1 and the IWC Wage Orders.

Defendant's employees worked off-the-clock outside of their scheduled hours and during meal periods without compensation.   Specifically, as described above under the meal periods section, Claimant and other aggrieved employees worked uncompensated through meal periods that were essentially on-duty yet required to be recorded as unpaid time.   Additionally, Defendant capped overtime hours at 10 hours per week/pay period depending on the employee, further resulting in off-the-clock work that went uncompensated due to work demands and management expectations regarding sales and performance.

Additionally, sales employees and other aggrieved employees-maintained access to work-related emails and answered and responded to work-related telephone calls outside of scheduled working hours.   For employees paid on an hourly basis who were similarly incentivized and who maintained access to their work email address on their personal cellular devices, these aggrieved employees worked off-the-clock hours and were not paid for this time, in violation of the Labor Code sections listed above.

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) and Labor Code § 1197.1 ($100/$250) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Violation of Labor Code §§ 226.7, 516, § 12 of the IWC Wage Orders – Rest Period Violations

Defendant violated Labor Code sections 226.7, 516 and section 12 of the applicable IWC Wage Orders with respect to Claimant and other aggrieved employees by failing to provide lawful rest periods or rest period premiums at the regular rate of compensation in lieu of such compliant periods.

Defendant failed to authorize or permit ten-minute rest periods for every four hours of work or major faction thereof as required by Labor Code section 226.7 and 516 and section 12 of the applicable IWC Wage Order.   Claimant and other aggrieved employees routinely worked through rest periods, which

were neither authorized or permitted.  Given the work environment and demands, Claimant and the aggrieved employees simply had too many tasks to complete such they were unable to take their 10-minute rest breaks. Claimant alleges that these violations were common and widespread, due to Defendant's written and stated policies and practices and due to the demanding nature of the nursing care staffing industry.

On those occasions Defendant did not provide a fully-compliant rest period to Claimant or other aggrieved employees, Defendant failed to pay Claimant and other aggrieved employees a rest period premium in violation of Labor Code section 226.7.  Based on the records provided, Claimant alleges Defendant never paid a rest period premium to Claimant during her employment, despite her entitlement to compliant rest periods or premiums in lieu of such rest periods.  To the extent Defendant paid *any* rest period premiums (in lieu of providing compliant rest periods), Claimant is informed, believes and alleges (based on Defendant's regular rate overtime violations) that Defendant did not pay such premiums at each employee's respective "regular rate of compensation."

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 204 and 204b – Failure to Timely Pay Wages Owed Each Payday**

Defendant violated Labor Code sections 204 and 204b requiring payment of all wages on regularly scheduled paydays with respect to Claimant and other aggrieved employees by failing to pay all wages and premiums owed on time each pay period.

Because Defendant failed to pay all overtime wages and meal and rest period premiums in each pay period in which such wages were earned, Defendant violated Labor Code section 204 and/or 204b (for weekly employees), which requires timely payment of wages of wages each regular scheduled pay period.  Labor Code section 204 requires payment of "all wages" for non-exempt employees at least twice each calendar month.  Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods.

As explained above, Defendant underpaid Claimant and other aggrieved employees or otherwise failed to pay at the lawful rate for all hours worked and premiums earned and owed.  As a result, Defendant is separately liable for not paying the full amount owed to Claimant and other aggrieved employees each payday in violation of Labor Code sections 204 and/or 204b.

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, Labor Code section 210 ($100/$200) per violation per pay period, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 201 through 203, 227.3 – Failure to Pay Amounts Due Upon Separation**

Defendant violated Labor Code sections 201, 202 and 203 requiring timely payment of all wages upon separation and waiting time penalties in lieu thereof with respect to Claimant and other aggrieved employees by failing to pay all wages and premiums owed upon termination of employment.

Because Defendant failed to pay all wages and premiums owed to Claimant and other aggrieved employees during their employment, Defendant failed to timely pay all wages owed upon separation of employment in violation of Labor Code sections 201, 202 and 203.  Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately.  Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter.  Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment.  Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days.

As explained above, Defendant routinely underpaid Claimant and other aggrieved employees and otherwise failed to pay at the lawful rate for all hours worked (including overtime and premiums at the regular rate of pay/compensation), and premiums owed, each relevant pay period.

Moreover, specific to this Labor Code section 201 through 203 claims, Claimant alleges that Defendant maintained a policy and practice of not providing the final pay period's earnings to employees who separated from employment on their final day of work (or within 72 hours thereof, as applicable).  Specifically, Claimant did not receive her final paycheck on her last day of employment.  Because Defendant also did not provide a final wage statement for her final paycheck, Claimant cannot ascertain the amount she was paid and further alleges that she and other aggrieved employees were underpaid accrued vacation hour wages upon separation, in violation of Labor Code sections 203 and 227.3.

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Wage Statements**

Defendant violated Labor Code section 226 requiring accurate, itemized wage statements with respect to Claimant and other aggrieved employees by failing to meet the requirements of the statute.  Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee.[2]

---

[2] *See* generally *Lopez v. Friant & Associates, LLC* (2017) 15 Cal. App. 5th 773, 787-88 ("Consistent with the PAGA statutory framework and the plain language of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1)"); *see also See Kastler v. Oh My Green, Inc.* (N.D. Cal., Oct. 25, 2019) Case No. 19-CV-02411-HSG ("Injuries from a failure to provide an accurate pay statement include 'possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked") (rejecting *Maldonado* defense for class claims).

First, Defendant violated Labor Code section 226 because the wage statements did not correctly reflect the wages and hours of Claimant and other aggrieved employees. As described throughout this notice, Defendant failed to pay overtime compensation based on the regular rate of pay. Because of the failure to pay overtime at the lawful rate, Defendant thus listed the incorrect gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period with the number of hours worked at each hourly rate by thee employee (overtime rate, double time). These wage statement defects occurred with respect to Claimant and all other aggrieved employees in violation of Labor Code sections 226(a) (1), (2), (5), and (9).

Second, Defendant failed to pay meal and rest period premiums at the lawful regular rate of compensation rendering the wage statements an inaccurate reflection of the wages and hours of Claimant and other aggrieved employees. Because of the failure to pay meal and rest premiums, Defendant thus listed the incorrect gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period with the number of hours worked at each hourly rate by thee employee. These wage statement defects occurred with respect to Claimant and all other aggrieved employees in violation of Labor Code sections 226(a) (1), (2), (5), and (9).

As discussed in detail above, the wage statements provided to Claimant and other aggrieved employees include incorrect hourly rates, do not accurately itemize all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, nor do they state the accurate gross and net wages owed or earned. They misstate the hourly rates and wages and fail to include required information. As a result, Claimant and other aggrieved employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information, though Defendant's facial violation of Labor Code section 226 requires application of the civil penalties applicable thereto under *Lopez*. These wage statement violations are significant because they sowed confusion among Claimant and other aggrieved employees with respect to what amounts were owed and paid, at what rates, and how those amounts were calculated.

Finally, for each aggrieved employee who was terminated or separated from employment during the PAGA Period, Claimant alleges on information and belief that Defendant failed to provide a final wage statement showing the wages owed and the information required by Labor Code section 226(a). As a result, Defendant committed an additional violation of Labor Code section 226 with respect to every employee who separated from employment during the PAGA Period.

Thus, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code sections 226.3 ($250/$1,000) and/or 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 2802 – Cell Phone Reimbursement Violations**

Labor Code section 2802 requires that an employer reimburse employees for all necessary costs incurred in connection with the performance of their job. Defendant failed to comply with this reimbursement obligation with respect to personal cell phones.

Claimant and other aggrieved employees were required to use their personal cell phones for work-related purposes. Specifically, Claimant and other aggrieved employees used their personal cell phones

to communicate with clients, were required to be responsive to the clients and management during non-scheduled hours, frequently texted customers, and accessed, received, and sent emails through their work-provided email accounts.  Claimant and other aggrieved employees were not reimbursed. Claimant and other aggrieved employees were required to download software, including Vonage communications app, to facilitate their work-related use of their personal devices, yet these requirements were not met with the corresponding payment of reimbursements as is required by California law.  Once aggrieved employees started working from home due to COVID, however, there was some allotment for reimbursements but it failed to sufficiently reimburse employees for all necessary work from home expenses and communications and internet expenses.

Defendant failed to reimburse aggrieved employees for a reasonable percentage of their cell phone bill when they required to use their personal cell phones for work-related purposes.  *See e.g., Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137.

As a result, Claimant may recover civil penalties on behalf of herself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

### Violation of Labor Code § 1174 – Failure to Maintain Accurate Payroll Records.

Because of the violations set forth in this notice, including Defendant's failure to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay, Defendant violated Labor Code section 1174 and the IWC Wage Orders, including section 7 of the IWC Wage Order by failing to maintain accurate payroll records showing daily hours worked, all hourly rates in effect and hours worked at those rates, and the wages paid to each employee.  As a result, Defendant is liable for a civil penalty of $500 per employee to Claimant and each aggrieved employee pursuant to Labor Code section 1174.5.

### Attorneys' Fees and Costs

Claimant was compelled to retain the services of counsel to file this court action to protect her interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendant. Claimant has thereby incurred attorneys' fees and costs, which she is entitled to receive on all causes of action under Labor Code section 2699(g).

### Notice of Demand for Defendant to Change Policy

Claimant intends to pursue legal action against Defendant based on the violations set forth in this notice.  Defendant is hereby notified that any attempt to resolve this case should be conducted in coordination with Claimant's counsel to protect the interests of Claimant, the aggrieved employees, and the State of California via the LWDA.  Claimant will establish that (1) her lawsuit was a catalyst in motivating Defendant to change its policies and practices and provide the relief sought through this action, (2) that the forthcoming lawsuit has merit and is based on undisputed violations for which Defendant will be liable at trial, and (3) that Claimant has hereby notified Defendant of its notice of the violations and considers this notice an attempt to resolve the matter.  *See Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 608 (citing *Graham v. Diamler-Chrysler Corp.* (2004) 34 Cal. 4th 553) (authorizing an award of catalyst attorneys' fees against defendants).

As the PAGA and class representative, Claimant has a duty to file this case at the earliest opportunity and will do so in San Diego County Superior Court.  Defendant may contact Claimant's counsel with any questions regarding this letter or the forthcoming lawsuit.

**<u>CONCLUSION</u>**

Claimant requests the LWDA initiate enforcement for the violations described in this letter.  If the LWDA does not pursue enforcement, Claimant will pursue representative claims on behalf of the State of California and the aggrieved employees and will seek all remedies available for violations of the Labor Code and the IWC Wage Orders, including attorneys' fees, costs, interest, and all available penalties set forth in Labor Code section 2699 and all other applicable sections of the Labor Code.

Thank you for your attention to this matter.

Sincerely,

Nicholas J. Ferraro, Esq.

Bcc    Sarah Blount