# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BLOUNT, on behalf of herself, and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HOST HEALTHCARE, INC.,<br><br>    Defendant. | Case No. 21cv310-MMA-WVG<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 20] |

Sarah Blount ("Plaintiff") brings this putative wage and hour class action (the "Action") against Defendant Host Healthcare, Inc. ("Defendant"). Plaintiff moves for preliminary approval of a class settlement pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 20; *see also* Doc. No. 20-2, Ferraro Decl., Ex 1. Defendant does not oppose Plaintiff's motion. *See* Doc. No. 21. The Court found the matter suitable for determination without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 22.

Upon due consideration, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. The Court preliminarily finds, for settlement purposes only, that the Settlement Class meets the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and the Court preliminarily approves and incorporates the Settlement Agreement, attached to the Declaration of Nicholas J. Ferraro as Exhibit 1, and conditionally certifies the Settlement Class, pursuant to the Settlement Agreement's terms and conditions as follows: "All individuals who worked for Host Healthcare in California as a non-exempt or hourly employee at any time during the Class Period, including corporate employees and travel nurses." The "Class Period" shall be from November 16, 2016 to the date of this Order.

3. The Court preliminarily finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate based on the following reasons: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the individually named Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and her counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court preliminarily finds, subject to the Final Approval hearing, that the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement

Class.  It appears to the Court on a preliminary basis that: (a) the non-reversionary Gross Settlement Amount is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues and potential appeals; (b) significant investigation, research, and discovery, have been conducted by counsel for each Party and they are able to reasonably evaluate their positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (d) the proposed Settlement has been reached through intensive, serious, and non-collusive arms'-length negotiations between the Parties facilitated by an experienced Magistrate Judge.

5. The Court approves, as to form and content, the Notice of Class Action Settlement ("Class Notice") attached to the Settlement Agreement as Exhibit A.  The Court finds that the Class Notice advises the Class of the pendency of the Class Action, of the proposed Settlement terms, of the preliminary Court approval of the Settlement, of the automatic payment of a proportionate share of the Settlement monies if the Class Member does not request to be excluded, of the released claims, of the estimated amount each may expect to receive pursuant to the proposed Settlement, of their right to submit objections or requests for exclusion and of the manner and timing for doing these acts.

6. The Court concludes the proposed Class Notice and the procedure set forth in Settlement Agreement for providing notice to the Class Members, will provide the best notice practicable under the facts and circumstances of this case. There is no alternative method of notice that would be more practical or more likely to notify Class Members of the terms of the Settlement. The Class Notice fairly, plainly, accurately, and reasonably informs the Class Members of: (a) the nature of the Action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation under the Class and PAGA portions of the Settlement; (b) Plaintiff's application for a Service Payment and Class Counsel's request for attorneys' fees and litigation costs; (c) how to participate in and receive proceeds under the Class portions of the Settlement; (d) how to object to or request exclusion from

the Settlement; and (e) how to obtain additional information regarding the Action and the Settlement. The Court thus finds that the notice requirements for class actions are satisfied.

7. The Court approves, for settlement purposes only, Ferraro Vega Employment Lawyers, Inc., as Class Counsel.

8. The Court approves, for settlement purposes only, Sarah Blount as the Representative Plaintiff.

9. The Court approves Simpluris, Inc. as the third-party Settlement Administrator.

10. The Court further **ORDERS**:

A. No more than fifteen (15) calendar days after the Order Granting Preliminary Approval, Defendant shall forward to the Settlement Administrator, information in electronic format, regarding all Class Members' names, last known residence addresses, Social Security numbers, hire and termination dates, and total workweeks worked during the Class Period ("Class Member Data").

B. No more than twenty-one (21) calendar days after receipt of the Class Member Data, the Settlement Administrator shall mail the Class Notice to each Class Member, by first class United States mail, postage pre-paid. The Settlement Administrator shall take those measures specified, and on the conditions set forth in the Settlement Agreement, for updating an address after the first mailing of the Class Notice.

C. All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendant's records, and as may be updated and located by the Settlement Administrator and as may be provided to the Settlement Administrator by Class Counsel or Defendant's counsel. The Court finds, and so orders, that the mailing of Class Notice to the Settlement Class as set forth in the Settlement Agreement and this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

21cv310-MMA-WVG

11. The Court further **ORDERS**:

   A. Requests for exclusion from the Settlement must be mailed to the Settlement Administrator in the manner set forth in the Class Notice, postmarked no later than forty-five days following the mailing of the Class Notice by the Settlement Administrator ("Response Deadline"). If the 45th day falls on a Sunday or Holiday, the Response Deadline shall end on the next business day that is not a Sunday or Holiday.

   B. Written letters of objection to the Settlement may be mailed to the Settlement Administrator in the manner set forth in the Class Notice, postmarked no later than forty-five days following the mailing of the Class Notice by the Settlement Administrator. If the 45th day falls on a Sunday or Holiday, the Response Deadline shall end on the next business day that is not a Sunday or Holiday.  Any written letter of objection should be signed by the Class Member and/or his or her representative; include the objecting Class Member's name, address, telephone number, and the case name and number as shown in the Class Notice; the basis for each objection; a list of any witnesses to be called at the final approval hearing; and whether the Class Member and/or his or her representative intends to appear at the final approval hearing.

12. No more than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall serve on all Parties a declaration of due diligence setting forth its compliance with its obligations under the Settlement Agreement.  Additionally, all papers in support of the Motion for Order Granting Final Approval of the Class Action Settlement shall be filed at least twenty-eight (28) calendar days before the Final Fairness/Final Approval hearing.

13. The Final Approval Hearing will be held before the undersigned on **October 27, 2021 at 11:00 a.m.** in the above-entitled Court, the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101, Courtroom 3D, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the application of Class Counsel for awards of reasonable attorneys' fees and litigation expenses, the

Class Representative Service Enhancement, and the Settlement Administrator's expenses.

14. If, for any reason, the Court does not execute and file an Order Granting Final Approval and Judgment, or if the Effective Date, as defined by the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, will be null and void and without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Agreement.

15. Defendant must, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, serve written notice of the proposed Settlement on the U.S. Attorney General and the appropriate California state official, along with the appropriate state official in every state where a Class Member resides no later than five (5) days of the issuance of this Order if not earlier completed prior to the hearing on Plaintiff's Motion for Order Granting Preliminary Approval. Defendant must submit a statement of compliance with the Court in a timely manner to prevent delay of the Effective Date.

16. The Court expressly reserves the right to adjourn or to continue the Final Approval Hearing from time-to-time without further notice to Class Members, except that notice of a continuance will be provided to all Class Members who submit written objections. In the event the Settlement does not become final for any reason, this Preliminary Approval Order will be of no further force or effect and the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

**IT IS SO ORDERED**.

DATE: July 30, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge